UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KATHY DEAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO.: 1:22-cv-2458 |
| v. | ) |
| | ) |
| WAL-MART STORES, INC. and | ) |
| WAL-MART STORES EAST, LP, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT FOR DAMAGES**

Comes now the Plaintiff, Kathy Dean, by counsel, and for her Complaint for Damages against the Defendants, Walmart Stores, Inc. and Wal-Mart Stores East, LP, states and alleges as follows:

**JURISDICTION and VENUE**

The amount in controversy, without interest and costs, exceeds $75,000.00. The diversity jurisdiction of this Court is proper pursuant to 28 U.S.C. § 1332(a) as the parties are completely diverse. Specifically, Plaintiff Kathy Dean, is a citizen of the state of Indiana. Defendant Wal-Mart Stores East, LP, is a Delaware Limited Partnership, of which WSE Management, LLC is the sole general partner and WSE Investment, LLC, is the sole limited partner. The sole member of WSE Management, LLC and WSE Investment, LLC, is Wal-Mart Stores East, LLC, an Arkansas Limited Liability Company. The sole member of Wal-Mart Stores East, LLC, is Wal-Mart Stores, Inc. Wal-Mart Stores, Inc. is a Delaware Corporation. Wal-Mart Stores, Inc. is a publicly traded Delaware corporation and has no parent corporation or corporation holding 10% or more of its

stock. The principal place of business for all the Defendants is the State of Arkansas.

Based on the above, and pursuant to 28 U.S.C. § 1332(a), the court has proper diversity jurisdiction in this matter as the litigation is between citizens of different states. The jurisdiction and venue of this Court is proper pursuant to FRCP 4(K)(1)(A) and 28 U.S.C. section 1332(a)(1) as the Defendants both conduct business in the State of Indiana and the parties are completely diverse. Venue is proper because pursuant to 28 U.S.C. section 1391(b)(1-3) at least one Defendant resides within the judicial district.

## COUNT I

1. At all times relevant to this action, the Plaintiff was a resident and citizen of Marion County, Indiana.

2. At all times relevant to this action, the Defendants, Wal-Mart Stores, Inc., and/or Wal-Mart Stores East, LP, were corporate entities registered to conduct business in the state of Indiana

3. On or about August 22nd, 2021, Defendants, Wal-Mart Stores, Inc., and/or Wal-Mart Stores East, LP, were engaged in soliciting the patronage of the general public upon the premises located in Marion County at 3221 West 86th Street, Indianapolis, IN 46268.

4. All acts and omissions of the Defendants, Wal-Mart Stores, Inc., and/or Wal-Mart Stores East, LP, alleged in this Complaint were performed and/or omitted by employees, agents, and representatives of the Defendants while they were acting within the course and scope of their employment with the Defendants.

5. On or about August 22nd, 2021, Plaintiff Kathy Dean suffered personal injury when she slipped and nearly fell on an oily substance at the Walmart store located at 3221 West 86th Street, Indianapolis, IN 46268.

6. At said time and place the Defendants knew or should have known in the regular course of business, that the oily substance on the floor created a hazardous condition on the premises.

7. At all times relevant to this action the Defendants, either by their acts, omissions, or negligence, created the hazard that caused Kathy Dean to be severely injured.

8. The Defendants negligently maintained the premises located in Marion County at 3221 West 86th Street, Indianapolis, IN 46268, the aisleway walking path, and the premises generally, negligently failed to inspect and discover the hazardous condition, negligently failed to remedy or remove the hazardous condition, and negligently failed to warn others of the hazardous condition.

9. Defendants, Wal-Mart Stores, Inc., and/or Wal-Mart Stores East, LP's, servants and employees were negligent before and at the time of the occurrence proximately causing the Plaintiff to be seriously injured.

10. The aforementioned conduct of Defendants was willful, wanton, reckless, negligent and/or careless and the proximate cause of the damages complained of.

11. As a direct and proximate result of the recklessness, carelessness and negligence of Defendants, Kathy Dean suffered injuries causing pain and suffering and those injuries may be permanent in nature.

12. As a direct result of the Defendants' reckless, careless, and negligent behavior, the Plaintiff Kathy Dean incurred reasonable medical expenses and may continue to incur medical expenses in the future.

13. At all times relevant, Kathy Dean was gainfully employed and as a direct and proximate result of the recklessness, carelessness and negligence of Defendants, Kathy Dean suffered lost wages and may continue to lose wages in the future as a result of her injuries.

14. As a direct and proximate result of the negligence of the Defendants, Kathy Dean's earning capacity is impaired.

15. As a direct and proximate result of the carelessness and negligence of the Defendants, the Plaintiff has been damaged.

WHEREFORE, Plaintiff prays for judgment against the Defendants in an amount commensurate with the evidence of her damages, costs of this action, a trial by jury, and all other relief proper in the premises.

## DEMAND FOR JURY TRIAL

1. Plaintiff incorporates as though fully set forth herein paragraphs 1 through 15 above as though the same were fully set forth herein.

2. Plaintiff hereby demands, pursuant to T.R. 38, a jury trial upon each and every issue and cause of action so triable.

/s/ Charles Hubley_____
Charles Hubley (#35622-29)
Alexander J. Limontes (#27226-49)
Hurst Limontes LLC
50 South Meridian Street, Suite 600
Indianapolis, IN 46204
317-636-0808/FAX: 317-633-7680
chubley@billhurst.com
*Attorneys for the Plaintiff*